UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HARRISON LEWIS, III,** | Civil Action No. 24-9374 (RK) |
| Petitioner, | |
| v. | MEMORANDUM & ORDER |
| **RACHEL THOMPSON,** | |
| Respondent. | |

This matter comes before the Court on Petitioner Harrison Lewis III's ("Petitioner") submission of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner alleges that the Federal Bureau of Prisons ("BOP") improperly delayed his transfer to a residential reentry center ("RRC") due to a lack of bed space. (*See* ECF No. 1, Pet. at 3-4.)

On December 2, 2024, the government responded and argued that Petitioner failed to exhaust administrative remedies and that he was scheduled to be transferred to an RRC on December 18, 2024.[1] (ECF No. 8 at 5.) Petitioner filed a reply brief on December 17, 2024, and asks for "summary judgment" on his claims and immediate transfer to an RRC. (ECF No. 9.)

On December 20, 2024, the government requested that the Court dismiss the Petition as moot because Petitioner was transferred from Federal Correctional Institution ("FCI") Fort Dix to an RRC on December 18, 2024. (*See* ECF No. 10; ECF No. 10-1, Declaration of Sandra Bober

---

[1] Although Petitioner claims the delay was due to a lack of bed space, the government provides a different explanation. As the government explains, Petitioner could not apply his earned time credits and was ineligible for placement in an RRC until he opted back in to the Inmate Financial Responsibility Program ("FRP") on September 10, 2024. (ECF No. 8 at 7.) On July 29, 2024, Judge Williams denied Petitioner's previous § 2241 petition because he refused to participate in the FRP, explaining that he could not "earn or apply further credits unless he opts back into that program." *See Lewis v. Thompson*, Civ. No. 24-cv-228 (KMW), 2024 WL 3594316, *2 (D.N.J. July 30, 2024) (citing 28 C.F.R. § 523.41(c)(5)(iii)).

at ¶¶ 4, Ex. 1.) Petitioner wrote to update his address on December 30, 2024, and the address he lists is Volunteers of America, an RRC in Baltimore Maryland. (ECF No. 11.)

Because Petitioner sought RRC placement and has been placed, "this Court [cannot] provide redress for any injury that he may have suffered." *Baumgarten v. Ortiz*, No. 16-cv-6109 (RBK), 2017 WL 1839283, at *1 (D.N.J. May 8, 2017); *see also Buczek v. Maiorana*, 526 F. App'x 152, 153-54 (3d Cir. 2013) (summarily affirming dismissal of habeas petition as moot where petitioner challenged the timing of his RRC placement but was transferred to a RRC while the petition was pending); *Giamo v. Warden Rachel Thompson*, No. 24-cv-8322-ESK, 2025 WL 1029607, at *1 (D.N.J. Apr. 4, 2025) (dismissing petition challenging timing of RRC placement as moot where petitioner was transferred to a RRC while the petition was pending); *Perri v. Warden of F.C.I. Fort Dix*, No. 24-cv-6767 (KMW), 2024 WL 4981599, at *1 (D.N.J. Nov. 27, 2024) (same). Therefore, the Court grants the government's request and dismisses the Petition as moot. The Court directs the Clerk of the Court to send a copy of this Memorandum & Order to Petitioner at the address on file and close this matter accordingly.

**IT IS, THEREFORE**, on this 7th day of May 2025,

**ORDERED** that the government's letter request to dismiss the Petition as **MOOT** (ECF No. 10) is **GRANTED** in light of the fact that Petitioner was transferred to a residential reentry center on December 18, 2024, and the Court is unable to provide any additional relief; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order to Petitioner at the address on file and mark this case as **CLOSED**.

_____
ROBERT KIRSCH
United States District Judge